The Honorable Bill Stephens State Representative 28 Forrest Lane Conway, Arkansas 72032
Dear Representative Stephens:
This is in response to your request for an opinion regarding the purchase of military service credit by Mr. Carroll Lackey pursuant to Act 573 of 1975, which is codified at Arkansas Code of 1987 Annotated 24-2-502. It is my understanding that Mr. Lackey has attempted to purchase thirty-six months of military service credit, two months of which constitute unused leave time. According to information supplied subsequent to your initial request, Mr. Lackey was discharged from the military after serving fifteen months and twenty-one days of active duty.
A.C.A. 24-2-502(a) provides for the purchase of credited service in a state-supported retirement system for a period of no more than three (3) years "for service rendered by the member in the Armed Forces of the United States prior to the member's employment in a position covered by a state-supported retirement system . . ." The question in this instance is whether the phrase "service rendered by the member in the Armed Forces" can be construed to include accumulated unused leave time.
It is my opinion that the answer to this question is no. I have enclosed a copy of Opinion Number 76-144 which sets forth the basis for concluding that the amount of an employee's lump sum terminal pay for unused annual leave may not be used to determine a member's final average compensation for retirement purposes. The Arkansas Public Employees' Retirement System has concluded that the period represented by such payment may not be accrued as credited service. This conclusion is indicated by the statutory provisions cited in Opinion Number 76-144 which reveal that the aforementioned lump sum payment is not considered as payment for services or as salary. It is significant to note in this regard that the Public Employees' Retirement System Board of Trustees has the power and duty under A.C.A. 24-4-507(a)(1) to determine by appropriate rules and regulations the amount of service to be credited any member for any fiscal year. The rule promulgated with respect to unused leave time is consistent with and arguably mandated by the Legislature's statement that payment following termination of employment ". . . . shall not be construed as payment for services or as salary. . . ." See A.C.A. 19-4-1607(b)(2).
The Legislature has not defined the scope of "service rendered" as that phrase appears in A.C.A. 24-2-502. However, it may be concluded from the foregoing that this phrase cannot be construed to encompass any period following discharge from the military. Rather, that person's "service" in the military has ended for purposes of 24-2-502 upon discharge. The fact that that military considers the enlistment contract to have been honored would not appear to be dispositive for purposes of determining the amount of credited service which may be purchased under the retirement law.
It is therefore my opinion that the two (2) months representing accumulated leave are not available for credit under A.C.A.24-2-502.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.